IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

S & L Oil, Inc.,

      Plaintiff,

  v.

ZURICH AMERICAN INSURANCE COMPANY,

      Defendant.
_____/

No. Civ. 2:07-CV-01883 JAM KJM

<u>Order Granting Motion for Recusal</u>

    The matter before the Court is Defendant Zurich American Insurance Company's ("Zurich") request for recusal seeking to disqualify the undersigned from presiding over this case pursuant to 28 U.S.C. § 455(a).  Zurich believes disqualification of the undersigned is warranted in this case because the undersigned and Plaintiff's counsel of record, Michael Vergara, were formerly shareholders at the law firm representing Plaintiff S & L Oil, Inc. and the undersigned and Mr. Vergara remain in contact and socialize occasionally.

Zurich believes that the undersigned's impartiality might reasonably be questioned in this case. The Court agrees.

Pursuant to 28 U.S.C. § 455(a), a district court judge shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992). "[I]f the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." See United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). "A motion for recusal is committed to the sound discretion of the district court." United States v. Bell, 79 F.Supp.2d 1169, 1171 (E.D. Cal. 1999).

Here, because the undersigned's impartiality to preside over this case might reasonably be questioned, recusal is appropriate pursuant to § 455(a). Accordingly, it is hereby

///

///

///

///

ordered that the Clerk of the court is directed to randomly refer this case to another district court judge for any further proceedings which may be appropriate or required.

IT IS SO ORDERED.

Dated:  June 25, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE