UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S&L OIL, INC., a California corporation; S&L OIL JV, a California joint venture; and, THREE WIVES, INC., a California corporations,<br><br>    Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation,<br><br>    Defendant.<br>_____<br>ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation,<br><br>    Counter-Claimant,<br><br>    v.<br><br>S&L OIL, INC., a California corporation; S&L OIL JV, a California joint venture; THREE WIVES, INC., a California corporations; and NICK GOYAL, an individual,<br><br>    Counter Defendants. | No. 07-cv-01883-MCE-KJM<br><br><br><br><br><br>**ORDER TAXING COSTS** |

----oo0oo----

Defendant and Counter-Claimant Zurich American Insurance Company ("Zurich") the prevailing party in this litigation, has filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of $1,811.25. Plaintiffs and Counter Defendants S&L Oil, Inc., a California corporation, S&L Oil JV, a California joint venture, Three Wives, Inc., a California corporation, and Nick Goyal (hereinafter collectively referred to as "Plaintiffs") have objected to certain portions of that costs bill.

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs". As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. <u>Association of Mexican-American Educators v. State of Calif.</u>, 231 F.3d 572, 591-92 (9th Cir. 2000). If the Court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so. <u>Berkla v. Corel Corp.</u>, 302 F.3d 909. 921 (9th Cir. 2002).

Here the Court need only address the two specific items objected to by Plaintiffs in response to Zurich's Bill of Costs. First, according to Plaintiff's objections to Zurich July 27, 2009 objections to Zurich's Initial Application fo Tax Costs, filed on July 10, 2009, Zurich failed to initially establish that its claimed exemplification fees were "necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4). Thereafter, by Order filed August 21, 2009, Zurich was directed to provide further documentation as to the source and nature of its claimed costs.

2

On August 28, 2009, in accordance with the Court's instruction, Zurich submitted a revised Bill of Costs along with a detailed Supplemental Declaration from Zurich's counsel, Kathleen E. Hegen, concerning the both the nature and the necessity of the photocopying expenses sought. In that Declaration, Ms. Hegen carefully delineates why the copying charges were essential and how the costs were calculated. She also attached documentation of the summary pages and cost itemization submitted as part of her firm's invoices to Zurich. Plaintiffs have filed no objection to that revised documentation. The Court finds the photocopy charges to have been reasonably and necessarily incurred.

Plaintiffs also object, however, to $44.57 in Federal Express charges included within Zurich's Bill of Costs. Those costs are not recoverable. Communications charges like courier, mail, telephone, telex and fax costs cannot be taxed. El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390 (D. D.C. 1995).

Given the foregoing, costs are taxed in favor of Plaintiff as stated in his Bill of Costs, except with respect to the Federal Express charges in the amount of $54.70. Total costs are therefore awarded in the sum of $1,756.70.

IT IS SO ORDERED.

Dated: February 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE